UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS BERNARD SMITH, <br> TDCJ No. 1983514, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL NO. SA-18-CA-00226-DAE |

## MEMORANDUM OPINION AND ORDER

Carlos Smith, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for murder. Having considered the habeas application (ECF No. 1), Smith's memorandum in support of his petition (ECF No. 2), Respondent's Answer (ECF No. 10), the record (ECF No. 9), and applicable law, the Court finds the petition should be **DENIED**.

### I. Background

Smith was charged by a grand jury with the murder of Joyce Kidd. (ECF No. 9-3 at 16). The Fourth Court of Appeals summarized the facts presented at Smith's trial as follows:

> The evidence shows Smith and Joyce Kidd, who were dating, were riding together in Ms. Kidd's Toyota Camry. According to Smith, as they approached the crest of a bridge, Ms. Kidd, who was driving, leaned over and was "slobbering" and drooling. Because Ms. Kidd was unable to control the Camry, Smith grabbed the steering wheel and steered the car off the bridge and on to a side street. He and at least one witness called 911.

> It was subsequently determined that Ms. Kidd had sustained a three-inch knife wound to her chest that penetrated the aorta. Initially, Smith denied any involvement in the stabbing. Later, however, Smith claimed that as they were driving on the bridge, he and Ms. Kidd were arguing and she acted as if she was going to drive off the bridge. Smith, who claimed he had been cleaning his fingernails with a knife at the time, stated that out of fear, he "hit" Ms. Kidd with the knife.

*Smith v. State*, No. 04-15-00122-CR, 2016 WL 1464485, at *1 (Tex. App.—San Antonio 2016, no pet.).

Smith did not testify at his trial, and the defense called no witnesses. (ECF No. 9-15 at 84-85). Smith's version of the events, i.e., that he unintentionally stabbed Ms. Kidd, was presented to the jury through recordings of his interviews with law enforcement and cross-examination of the State's witnesses. Defense counsel argued to the jury that the incident was an accident, and that there was insufficient evidence to find Smith intentionally stabbed Ms. Kidd. (ECF No. 9-16 at 29-36). The jury was instructed as to murder and manslaughter. (ECF No. 9-30 at 8-21). After deliberating for approximately an hour and a half, the jury found Smith guilty of murder. (ECF No. 9-16 at 48). The jury assessed punishment at a term of 40 years' imprisonment. (ECF No. 9-18 at 16).

Smith appealed his conviction, asserting insufficiency of the evidence, and that the trial court erred in denying a jury instruction on duress and the lesser included offense of criminally negligent homicide. *Smith*, 2016 WL 1464486, at *1. The Fourth Court of Appeals affirmed Smith's conviction, and he did not seek discretionary review. *Id.* Smith sought a state writ of habeas corpus, asserting he was denied the effective assistance of trial and appellate counsel, that there was insufficient evidence to support his conviction, and his actual innocence. (ECF No. 9-29 at 10-17). The habeas trial court, which was also the convicting court, issued findings of fact

and conclusions of law and recommended the writ be denied. (ECF No. 9-30 at 71-89). The Texas Court of Criminal Appeals denied the writ without written order on the findings of the trial court. (ECF No. 9-28).

In his federal habeas petition Smith asserts he was denied his right to the effective assistance of counsel because his trial attorney presented a defense of guilt "instead of showing his innocence." (ECF No. 1 at 6). Smith further argues the "reasonable defense" he sought to assert, i.e., that Ms. Kidd's death was the result of "[surprise], fear and thoughtless reaction," was not presented to the jury through expert testimony on "reactionary responses to imminent harm or death." (ECF No. 1 at 6; ECF No. 2 at 4-5). Smith reiterates that Ms. Kidd's death was solely the result of his reaching for the steering wheel, an "instinctive and reflex reaction solely caused by the perilous situation the complainant had put herself and Smith in coupled with the motion and position of the car and the acts created by the complainant's suddenly turning the steering wheel of the car." (ECF No. 2 at 10).

Respondent contends Smith failed to exhaust his claims of ineffective assistance of counsel in the state court and that the claims are without merit.

## II. Standard of Review

### A. Review of State Court Adjudications

Smith's habeas petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254. Under section 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### B. Review of Sixth Amendment Claims

The Court reviews Sixth Amendment claims of ineffective assistance of trial counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a petitioner must demonstrate counsel's performance was deficient and that the deficiency prejudiced his defense. *Id.* at 687-88, 690. When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing professional standards. *Id.* at 687-89. To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Id.* at 687-88; *Wong v. Belmontes*, 558 U.S. 15, 27 (2009); *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009).

### III. Analysis

A. **Exhaustion**

Respondent contends Smith failed to exhaust his claims of ineffective assistance of counsel in the state courts. Pursuant to the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), federal courts lack the power to grant habeas corpus relief on an unexhausted claim. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003). To exhaust his state remedies, a petitioner must present his claims to the state's highest court in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). To properly exhaust a claim the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Picard v. O'Connor*, 404 U.S. 270, 276 (1971). Claims are not exhausted "if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). In Texas, the highest state court with jurisdiction to review the validity of a state criminal conviction is the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either in a direct appeal or collateral proceeding, the exhaustion requirement is satisfied. *Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986).

Contrary to Respondent's assertion, Smith did present the same claims raised in his federal habeas petition in his state habeas action. Specifically, in his state habeas action Smith asserted counsel did not present the defense requested by Smith and that counsel did not present the testimony of experts to support Smith's theory of the accident. (ECF No. 9-29 at 26-29, 36-41). The Court of Criminal Appeals denied the claims on the merits on the findings of the trial court. Accordingly, the claims were properly exhausted in the state courts.

B.  Merits

Smith asserts he was denied his right to the effective assistance of counsel because his trial attorney did not adequately present a defense asserting he lacked the intent to injure Ms. Kidd and counsel failed to present the jury with expert testimony on "reactionary responses to imminent harm or death." (ECF No. 1 at 6; ECF No. 2 at 4-5).

Smith raised these claims in his state habeas action, and Smith's trial counsel filed an affidavit responding to Smith's claims. (ECF No. 9-30 at 37-44). Counsel declared:

> Counsel specifically consulted with Applicant about the defensive theories to be raised and presented to the court and jury. <u>Applicant was adamant from the beginning of this case that he did not intentionally or knowingly or cause the death of the complainant, however Applicant agreed that his conduct caused the death of the complainant</u>. This position was consistent with Applicant's second recorded statement to law enforcement . . . Applicant's second statement to law enforcement emphasized that his actions were entirely involuntary and not the result of his own intentional or knowing conduct but rather were the result of an involuntary reaction to the motion of the automobile being driven by the complainant. Applicant did not state nor did the evidence establish that he stabbed the complainant in self-defense. Under the law, self-defense is inconsistent with involuntary conduct. . . . Counsel reviewed with Applicant the legal defenses of duress, necessity and self-defense. Applicant understood that duress, necessity and self-defense constitute and imply admissions to intentional or knowing conduct that causes the death of the complainant but which is justified. Applicant's statements to police, candid conversations with counsel and testimony at trial established the defense of involuntariness and at most recklessness but not intentional or knowing conduct that caused a death. The trial court denied counsel's motion for a charge of Duress Compelled by Threat of Imminent Death or Serious Bodily Injury. . .
>
> Based upon the express consent and knowledge of Applicant counsel sought and obtained a charge to the jury on the defense of voluntariness and on the lesser included offense of second degree offense of Involuntary Manslaughter-Recklessly Causing Death. The court denied counsel's written motion requesting a proposed charge for the lesser included offense of Criminally Negligent Homicide. The Court denied counsel's written proposed charge requesting the defense of Duress Compelled by Threat of Imminent Death or Serious Bodily Injury. Again there was no defensive evidence presented, according the court, to raise a defense of duress or self-defense. . . . Counsel thoroughly discussed these defense theories and strategies with Applicant both in person and in writing prior

to trial and during trial. Prior to trial counsel summarized the agreed upon strategies and defense theories for Applicant in writing for his review. Counsel's letter to Applicant is included within the materials Applicant filed with this petition for Writ of Habeas Corpus.

Applicant's statements to law enforcement were a significant part of the defense theories of this case and Applicant was included in all discussions and legal conferences pertaining to the defense theory of this case. Applicant's explanation of his conduct causing the complainant's death was presented to the jury in Applicant's own words through Applicant's second statement to law enforcement which was admitted into evidence by the State during the case in chief.

***

. . . Applicant agreed that his second recorded statement to law enforcement adequately described Applicant's version of his conduct and defenses thereto . . .

Counsel sought and obtained expert assistance to present Applicant's defenses through both a court appointed investigator and through a forensic psychologist. Counsel thoroughly investigated the law and facts of this case and explained the same to Applicant. . . .

Counsel denies that counsel failed to pursue obvious leads or garner corroborating evidence for Applicant's testimony. Undersigned counsel, investigator Jeff Mitchell, and forensic psychologist Jack Ferrell each reviewed the facts of this case with Applicant and counsel. . . .

***

. . . The prejudicial parts of Applicant's statements to law enforcement were redacted at trial. Counsel sought and obtained a lesser-included offense of Involuntary Manslaughter-Reckless. The jury was also specifically instructed not to convict if the jury believed that Applicant's conduct was involuntary. The jury charge stated: "if you find from the evidence that Carlos Smith did not voluntarily cause the death of Joyce Kidd by cutting or stabbing Joyce Kidd with a knife then you will find the defendant Not Guilty."

(ECF No. 9-30 at 37-44) (emphasis in original).

The state habeas trial court, which was also the convicting court, found trial counsel's statements to be truthful and credible. (ECF No. 9-30 at 83, 86). The court concluded:

7

> Applicant's explanation of his conduct causing the complainant's death was presented to the jury in Applicant's own words through Applicant's second statement to law enforcement which was admitted into evidence by the State during the case in chief.
>
> Count's private investigator, Mr. Jeff Mitchell, who was appointed by the Court at counsel's request, visited Applicant in the detention center and reviewed with Applicant his defensive theories and details of the case that needed investigation.

(ECF No. 9-30 at 76-83). The court concluded Smith's trial counsel's performance was not deficient and that Smith failed to meet his burden of showing a reasonable probability that, but for the alleged errors of counsel, the result of the proceeding would have been different, noting the jury was instructed as to the definition of "voluntary conduct." (ECF No. 9-30 at 86-87).

The state habeas court's factual determinations, including credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). The presumption afforded factual findings is even stronger when, as in this matter, the state habeas judge making the findings is also the convicting court. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The factual findings of the habeas trial court are supported by the record in this matter. Smith's conclusory allegations are not "clear and convincing evidence" sufficient to overcome the presumption of correctness attributed to the trial court's findings regarding defense counsel's credibility and competence. *See Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

In evaluating Smith's complaints about the performance of his counsel under the AEDPA, the issue before this Court is whether the Texas Court of Criminal Appeals could reasonably have concluded Petitioner's complaints about his counsel's performance failed to

satisfy either prong of the *Strickland* analysis. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). When considering a state court's application of the *Strickland* "deficient performance" test, this Court's review must be "doubly deferential," to afford "both the state court and the defense attorney the benefit of the doubt." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015); see also *Sanchez v. Davis*, 888 F.3d 746, 749 (5th Cir. 2018).

Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Counsel's strategic choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Id.* at 673; *Pape v. Thaler*, 645 F.3d 281, 289-90 (5th Cir. 2011). Additionally, the reasonableness of counsel's actions may be "substantially influenced" by the defendant's actions, and must be weighed in light of "informed strategic choices made by the defendant . . ." *Strickland*, 466 U.S. at 691. Smith's counsel discussed plausible defense options with Smith, and then employed a reasonable defense strategy, a choice within counsel's discretion and entitled to deference by this Court. *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013); *Livingston v. Johnson*, 107 F.3d 297, 307 (5th Cir. 1997).

Claims that trial counsel erred by not calling witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). A petitioner's unsupported claims regarding an uncalled expert witness "are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (providing petitioner must "bring

forth" evidence from uncalled witnesses, such as affidavits, to support of an ineffective-assistance claim).

Smith fails to establish any prejudice arising from counsel's alleged errors in failing to present a "reasonable" defense or failing to have expert witnesses testify regarding "reactionary responses to imminent harm or death." A review of the trial transcript reveals that the jury was adequately presented with Smith's defense, i.e., that the act of stabbing Ms. Kidd was an involuntary response in reaction to his perception that the car was being steered off the bridge. The jury heard Smith's version of the events when it heard a recording of Smith's second interview with law enforcement. Additionally, counsel presented Smith's defense theory, that the stabbing was a "reactionary response," through his cross-examination of the medical examiner. (ECF No. 9-15 at 29-30).

Because Smith has not met his burden of showing counsel's performance was deficient or that he was prejudiced by counsel's alleged errors, the state court's denial of Smith's ineffective assistance of counsel claim was not an unreasonable application of *Strickland*.

## IV. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability ("COA"). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to

show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336 (internal quotations omitted).

A district court may deny a COA sua sponte without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Smith is not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Smith fails to show that his counsel's performance was deficient or that he was prejudiced by any of counsel's alleged errors. Therefore, the state court's denial of Smith's ineffective assistance of counsel claims was not an unreasonable application of *Strickland*.

Accordingly, based on the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Carlos Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (ECF No. 1) is **DENIED**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 6 day of August, 2018.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE